FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

4:25 pm, 9/4/20

**Margaret Botkins
Clerk of Court**

| | |
|---|---|
| MIROSLAW MATYSZCZYK and<br>EWA KLOPOTOWSKA,<br><br>                Plaintiffs,<br><br>vs.<br><br>TRAFFIC SAFETY SERVICES, INC.,<br>a for-profit corporation, and<br>JOSEPHA ADAMS,<br><br>                Defendants. | Case No: 20-CV-169-SWS<br><br>**Plaintiffs Demand a Jury Trial** |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, MIROSLAW MATYSZCZYK and EWA KLOPOTOWSKA, by and through their attorneys ROMANUCCI & BLANDIN, LLC, complaining against Defendants, TRAFFIC SAFETY SERVICES, INC., a for-profit corporation, and JOSEPHA ADAMS, and pleading hypothetically and in the alternative, state as follows:

### I. PARTIES AND NATURE OF THE CASE

1. At all times relevant, Plaintiffs Miroslaw Matyszczyk and Ewa Klopotowska, were and are citizens of the State of Illinois, domiciled in Schiller Park, Illinois.

2. Defendant Traffic Safety Services, Inc., is a highway construction and traffic control company with its principal place of business in Bismarck, North Dakota.

3. At all times relevant, Defendant Traffic Safety Services regularly conducted business in the State of Wyoming, and had one of its main offices located at 208 North American Road, Cheyenne, WY.

4. At all times relevant, Defendant Josepha Adams was a citizen of Wyoming, domiciled in Laramie, Wyoming.

1

5. Defendant Adams resided in Laramie, Albany County, Wyoming, and is over the age of eighteen (18).

6. On August 14, 2018, at around 12:18pm, without warning, Defendant Traffic Safety Services employee Josepha Adams, pulled across Interstate-80 with his Traffic Safety Services truck and trailer, blocking the entire highway, causing a collision with Plaintiff Matyszczyk on the highway. Defendant Adams admitted he thought he had enough time to cross the highway but did not. The collision occurred near mile post 282.2 in Albany County, Wyoming. Plaintiff Matyszczyk sustained severe and permanent injuries, including but not limited to shoulder and spinal surgeries.

## II.  JURISDICTION AND VENUE STATEMENT

7. This action is brought pursuant to 28 U.S.C. § 1332, due to the diversity of citizenship.

8. Further, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees pursuant to 28 U.S.C. § 1332.

9. Plaintiff Miroslaw Matyszczyk (hereinafter, "Plaintiff Matyszczyk") is a resident of the State of Illinois, who worked as a truck driver transporting goods across the country.

10. Plaintiff Ewa Klopotowska (hereinafter, "Plaintiff Klopotowska") is Plaintiff Matyszczyk's wife, and also a resident of the State of Illinois.

11. Defendant Traffic Safety Services, Inc. (hereinafter, "Defendant TSS") is a highway construction and traffic control company with its principal place of business in Bismarck, North Dakota.

12. At all times relevant, Defendant TSS regularly conducted business in the State of Wyoming, and has an office located at 208 North American Road, Cheyenne, WY.

13. Defendant Josepha Adams (hereinafter, "Defendant Adams") is a resident of the State of Wyoming, residing in Laramie, Wyoming.

14. The motor vehicle accident that is the subject of this Complaint occurred in Albany County, Wyoming. Therefore, pursuant to 28 U.S.C. § 1391(b)(2), the proper venue for this action is the United States District Court for the District of Wyoming.

15. Moreover, at all relevant times, Defendants TSS and Adams are and were residents of the District of Wyoming. Therefore, the proper venue for this action is the United States District Court for the District Court of Wyoming pursuant to 28 U.S.C. § 1391(b)(1).

16. At all relevant times, Defendant TSS employed Defendant Adams.

17. At all relevant times, Defendant Adams was acting within the scope of his employment at the time of the acts and events giving rise to this Complaint.

18. Defendant TSS is vicariously liable for the acts and omissions of its agent, Defendant Adams.

### III. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19. On August 14, 2018, at around 12:18 pm, Defendant Adams was operating and controlled a 2011 Dodge Ram 1500 owned by his employer, Defendant TSS.

20. At said time and place, Defendant Adams's Dodge Ram was carrying a trailer behind it.

21. At said time, Defendant Adams's TSS Dodge Ram and trailer was parked on the north edge of Interstate-80, near Mile Post 282.2 on the northern edge of the westbound lanes.

22. At said time and place, Plaintiff Matyszczyk was driving westbound in the travel lane of Interstate-80, near Mile Post 282.2.

23. At said time and place, Defendant Adams was aware that another vehicle (was being driven by Plaintiff Matyszczyk) was approaching him in the westbound travel lane.

24. At said time and place, despite seeing another vehicle (driven by Plaintiff Matyszczyk) in the westbound travel lane approaching him and his TSS Dodge Ram and trailer, Defendant Adams decided to attempt to cross the entire highway.

25. At said time and place, despite seeing another vehicle approaching him in the westbound travel lane, Defendant Adams proceeded to "pull his trailer onto oncoming traffic" because "he thought he had enough time."

26. After executing this maneuver, Defendant Adams' Dodge Ram and the trailer attached to his TSS vehicle blocked the westbound lane of the highway.

27. Plaintiff Matyszczyk collided with the rear portion of the TSS trailer attached to Defendant Adams' vehicle.

28. Defendant Adams stated that he did not anticipate how much time he had to move his vehicle before Plaintiff Matyszczyk would reach the obstructed lane.

29. As a result of Defendant Adams's negligence, Plaintiff Matyszczyk sustained severe and permanent injuries, including but not limited to shoulder and spinal surgeries.

## COUNT I - NEGLIGENCE
### (Plaintiff Matyszczyk v. Defendant Adams)

30. Plaintiffs hereby incorporate all preceding paragraphs as though fully stated herein.

31. At all relevant times, Defendant Adams had a duty to keep a proper look out and to control his vehicle so as to avoid creating a dangerous condition on the roadway.

32. At all relevant times, Defendant Adams also had a duty to take such actions as were necessary to prevent any other person or persons from striking the trailer attached to his vehicle as

it blocked the travel lane of Interstate 80.g

33. Defendant Adams breached his duties of care in one or more of the following ways:

    a. Failed to maintain a proper look out for oncoming traffic;

    b. Failed to properly use the travel lane of Interstate 80;

    c. Failed to maintain proper control of his vehicle;

    d. Failed to warn or signal oncoming traffic of his trailer blocking the travel lane of Interstate 80;

    e. Improperly blocked lanes of traffic with his vehicle; and/or

    f. Was otherwise careless, negligent, reckless and/or willful and wanton in the operation of his vehicle.

34. The aforementioned acts and omissions were the cause of the accident and Plaintiffs' subsequent injuries, losses and damages.

35. As a direct and proximate result of the previously described careless, negligent, reckless, and/or willful and wanton acts of Defendants, Plaintiffs suffered injuries and damages, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical and rehabilitative care and treatment and loss of past and future income, and loss of consortium. The losses are either permanent or continuing, and Plaintiffs will continue to suffer the losses in the future.

WHEREFORE, the Plaintiff MIROSLAW MATYSZCZYK prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses they have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's

fees; (e.) punitive damages; and (f) for such other and further relief as seems proper to the Court under the circumstances.

## COUNT II - VICARIOUS LIABILITY- NEGLIGENCE
### (Plaintiff Matyszczyk v. Defendant TSS)

36. Plaintiffs hereby incorporate all preceding paragraphs as though fully stated herein.

37. Defendant TSS is vicariously liable to the Plaintiffs for the careless, negligent, reckless and/or willful and wanton conduct of Defendant Adams, who was their agent and/or employee acting within the course and scope of his employment at the time of the collision.

38. The aforementioned acts and omissions were the cause of the accident and Plaintiffs' subsequent injuries, losses and damages.

39. As a direct and proximate result of the previously described careless, wrongful and negligent acts of Defendants, Plaintiffs suffered injuries and damages, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical and rehabilitative care and treatment and loss of past and future income, and loss of consortium. The losses are either permanent or continuing, and Plaintiffs will continue to suffer the losses in the future.

WHEREFORE, the Plaintiff MIROSLAW MATYSZCZYK prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses they have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e.) punitive damages; and (f) for such other and further relief as seems proper to the Court under the circumstances.

### COUNT III - LOSS OF CONSORTIUM
### (Plaintiff Klopotowska v. Defendant Adams)

40. Plaintiffs hereby incorporate all preceding paragraphs as though fully stated herein.

41. At all relevant times, Plaintiff Klopotowska was and is Plaintiff Matyszczyk's spouse, and they were married at the time of the accident and resulting injuries.

42. As described in the instant Complaint, Defendant Adams was careless, negligent, reckless, and/or willful and wanton, resulting in injuries to Plaintiff Matyszczyk.

43. As a result of such injuries to Plaintiff Matyszczyk, Plaintiff Klopotowska suffered a loss of her rights of consortium including, but not limited to, the loss of society, affection, assistance, company and sexual relations.

WHEREFORE, the Plaintiff prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses they have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e.) punitive damages; and (f) for such other and further relief as seems proper to the Court under the circumstances.

### COUNT IV - LOSS OF CONSORTIUM
### (Plaintiff Klopotowska v. Defendant TSS)

44. Plaintiffs hereby incorporate all preceding paragraphs as though fully stated herein.

45. Defendant TSS is vicariously liable for Defendant Adams' negligence, and thus Plaintiff Klopotowska's injuries, because Adams was employed by TSS and acting in the course and scope of his employment at the time of the collision.

46. As a result of such injuries to Plaintiff Matyszczyk, Plaintiff Klopotowska suffered a loss of her rights of consortium including, but not limited to, the loss of society, affection, assistance, company and sexual relations.

WHEREFORE, the Plaintiff prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses they have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e.) punitive damages; and (f) for such other and further relief as seems proper to the Court under the circumstances.

## COUNT V – WILLFUL & WANTON CONDUCT
### (Plaintiffs v. Defendants TSS and Adams)

47. Plaintiffs hereby incorporate all preceding paragraphs as though fully stated herein.

48. Upon information and belief, in 2014, Wyoming averaged four truck crashed per day.

49. At all relevant times, Interstate-80 in Wyoming was a busy highway for trucks who were using the highway to deliver goods across the country.

50. In 2014, Wyoming had approximately 1,586 truck accidents, which injured 467 people, and 27 of those crashed were fatal, claiming 34 lives. The truck death toll was up approximately 36% from 2013 to 2014.

51. Upon information and belief, in 2014, Wyoming ranked as the 2nd most dangerous state in terms of fatal truck accidents per capita.

52. According to the Wyoming Department of Transportation, there were 1,410 trucking accidents in 2017.

53. On August 14, 2018, at around 12:18 pm, Defendant Adams was operating and controlled a 2011 Dodge Ram 1500 owned by his employer, Defendant TSS.

54. At said time and place, Defendant Adams's Dodge Ram was carrying a trailer behind it.

55. At said time, Defendant Adams's TSS Dodge Ram and trailer was parked on the north edge of Interstate-80, near Mile Post 282.2 on the northern edge of the westbound lanes.

56. At said time and place, Plaintiff Matyszczyk was driving westbound in a truck in the travel lane of Interstate-80, near Mile Post 282.2.

57. At said time and place, Defendant Adams was aware that another vehicle (driven by Plaintiff Matyszczyk) was approaching him in the westbound travel lane.

58. At said time and place, and at all relevant times, Defendants knew that it would be difficult for any vehicle travelling on the highway to make quick maneuvers to avoid an accident, and especially trucks.

59. At said time and place, and at all relevant times, Defendants knew that highway accidents involving any vehicles and especially trucks often cause serious injury or death.

60. At said time and place, and at all relevant times, Defendants knew that Interstate-80 was a busy highway for trucks who were delivering goods across the country.

61. At said time and place, despite seeing Plaintiff Matyszczyk's truck approaching in the westbound travel lane, Defendant Adams disregarded the known serious risks of harm and made the deliberate decision to attempt to cross the entire highway.

62. At said time and place, Defendants knew that in order to cross the highway, Defendants' vehicle and trailer would block the entire highway and there would be no place for Plaintiff's vehicle to maneuver to avoid an accident.

63. At said time and place, despite seeing another vehicle approaching him in the westbound travel lane, and despite the known serious risk of harm involved in such a maneuver, Defendant Adams proceeded to "pull his trailer onto oncoming traffic" because "he thought he had enough time."

64. After executing this maneuver, Defendant Adams' Dodge Ram and the trailer attached to his TSS vehicle blocked the westbound lane of the highway.

65. Defendants vehicle and trailer blocked the entire highway, causing Plaintiff to crash into Defendants' trailer, which was blocking highway traffic.

66. As a result of Defendant Adams's willful and wanton acts and omissions, Plaintiff Matyszczyk sustained severe and permanent injuries, including but not limited to shoulder and spinal surgeries.

67. At all relevant times, Defendant Adams had a duty to keep a proper look out and to control his vehicle so as to avoid creating a dangerous condition on the roadway.

68. At all relevant times, Defendant Adams also had a duty to take such actions as were necessary to prevent any other person or persons from striking the trailer attached to his vehicle as it blocked the travel lane of Interstate 80.

69. Defendant Adams acted willfully, wantonly and recklessly in one or more of the following ways:

   a. Willfully, wantonly, and recklessly failed to maintain a proper look out for oncoming traffic;

   b. Willfully, wantonly, and recklessly failed to properly use the travel lane of Interstate 80;

   c. Willfully, wantonly, and recklessly failed to maintain proper control of his vehicle;

   d. Willfully, wantonly, and recklessly failed to warn or signal oncoming traffic of his trailer blocking the travel lane of Interstate 80;

   e. Willfully, wantonly, and recklessly blocked lanes of traffic with his vehicle when Defendants knew a truck was approaching and there was a high risk of serious injury or death if an accident were to occur; and/or

   f. Was otherwise reckless and/or willful and wanton in the operation of his vehicle.

70. The aforementioned acts and omissions were the cause of the accident and Plaintiffs' subsequent injuries, losses and damages.

71. As a direct and proximate result of the previously described willful and wanton acts of Defendants, Plaintiffs suffered injuries and damages, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical and rehabilitative care and treatment and loss of past and future income, and loss of consortium. The losses are either permanent or continuing, and Plaintiffs will continue to suffer the losses in the future.

72. At all relevant times, Defendant TSS was vicariously liable for Defendant Adam's willful and wanton conduct because he was employed by Defendant TSS and acting in the course and scope of his employment at the time of the accident.

WHEREFORE, the Plaintiff MIROSLAW MATYSZCZYK prays for: (a) An award of actual and special compensatory damages to compensate the Plaintiff for the pecuniary and non-pecuniary injuries, damages and losses they have and will suffer; (b) for costs, including expert witness fees; (c) for interest as provided by law, including prejudgment interest; (d) for attorney's fees; (e.) punitive damages; and (f) for such other and further relief as seems proper to the Court under the circumstances.

Respectfully submitted this 4th day of September 2020.

*Gay Woodhouse*
Gay Woodhouse
**WOODHOUSE RODEN NETHERCOTT, LLC**
1912 Capitol Avenue, Suite 500
P.O. Box 1888
Cheyenne, WY 82003
(307) 432-9399
Fax (307) 432-7522
gay@wrnlawfirm.com

12

Stephan D. Blandin (*Pro Hac Vice Pending*)
Martin D. Gould (*Pro Hac Vice Pending*)
Nicolette Ward (*Pro Hac Vice Pending*)
Elise M. Blandin (*Pro Hac Vice Pending*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
P: (312) 458-1000
F: (312) 458 – 1004
sblandin@rblaw.net
mgould@rblaw.net

***Attorneys for Plaintiffs***